HARRIS, J.
This is a case of good intentions but bad location; a ease of merit wrongly pursued.
In 1998, the Haines were divorced. As a part of the divorce agreement approved by the court, Mr. Haines agreed to pay rehabilitative alimony to Mrs. Haines for sixty months. Mr. Haines further agreed that if he had not met his payment obligation prior to his death, any balance would be a claim against his estate. To his credit, Mr. Haines also made his former wife a beneficiary of his estate to the extent of any unpaid alimony. Mr. Haines died allegedly leaving a balance due Mrs. Haines under their agreement and under the judgment of dissolution which incorporated it.
Although an estate for Mr. Haines was opened in Volusia County, Mrs. Haines, apparently unaware of the opening of the estate, sought to enforce her claim against the estate by filing a motion to enforce judgment in the dissolution action. One of the problems with attempting to enforce Mr. Haines’ delinquent obligation against the estate in this fashion is that Mrs. Haines failed to timely file a notice of claim against the estate.[1] Undaunted, the trial court entered an order holding that the estate “should” pay Mrs. Haines some $18,000 but did not specifically order it to do so. In any event, since Mrs. Haines failed to timely file her claim against the estate (even assuming the personal representatives are proper parties in the proceedings, an issue not raised by them), we reverse the court’s suggestion of indebtedness as being ultra vires and leave Mrs. Haines to claim her bequest under the will and to do so in the probate court in Volu-sia County.
REVERSED.
COBB and SHARP, W„ JJ., concur.

. There is also a question as to whether the personal representatives were actually joined in the action as party defendants.